### 33204.  TALIAFERRO *v.* DEATON.

WORRILL, J. This is the second appearance of this case in this court. See *Deaton* v. *Taliaferro,* 80 *Ga. App.* 685 (57 S. E. 2d, 215). Upon the retrial of the case in the Court of Ordinary of Fannin County, a judgment for the plaintiff, the prescriber, was again entered, and upon the hearing of the certiorari, the judge of the superior court overruled the same. The sole assignment of error contained in the petition for certiorari to the superior court is that the judgment of the court of ordinary is contrary to law, contrary to the principles of justice and equity, and is without evidence to support it. The only assignment of error in the bill of exceptions is to the order overruling the certiorari. Under these circumstances, the only question presented to this court is whether there was any evidence to sustain the judgment of the ordinary ordering the removal of the obstructions to the alleged prescriptive way. Of the necessary elements to establish a prescriptive private way, the evidence raised a real issue as to only one: whether or not the entire route sought to be established was the same as originally appropriated. If the plaintiff has been in constant and uninterrupted use of the same way for 7 years, the evidence was otherwise sufficient to show that he had maintained and kept the way open and in repair, and that it does not exceed 15 feet in width. Without setting out the evidence in extenso, it is sufficient to say that there was evidence to show that, in

regard to a particular bridge across a creek or branch, while the plaintiff, on a few occasions, may have used the bridge when it was there, he, nevertheless, nearly always used the ford which was some 30 or 40 feet upstream from the bridge; and that the route sought to be established as a prescriptive private way is over the ford and not by way of the bridge, which—according to the plaintiff's own testimony and that of his witnesses—was destroyed or washed away in 1946, and which he did not rebuild because he did not need it and always used the ford. The evidence further shows that the bridge was built by Taliaferro, the defendant, for his own use in getting his tractor across the creek; and that the way was not changed by Deaton from the ford, but he continued to use the ford in coming across the creek and continued to use and claim the private way at the place where it was located before the defendant built the bridge across the creek. The fact that the prescriber, on a few occasions, used the bridge in going over the private way, yet at all other times used the ford, was not sufficient to authorize the superior court to reverse the judgment of the ordinary establishing the private way, and ordering the removal of the obstructions. As to the contention respecting the removal of the crossing over the railroad track, from one place to another—the plaintiff testified that this was done 9 years prior to the trial, and under this testimony the evidence was sufficient to show that the plaintiff had been using the presently established crossing for the past seven years, so as to establish a prescriptive right to the use of that part of the way leading to the crossing. Under these circumstances, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED MARCH 15, 1951.

*Henderson & Burtz, T. H. Crawford,* for plaintiff in error. *William Butt,* contra.